UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**Gregory Robinson,**
Plaintiff                                                      03 Civ. 1001 (SCR)

v.                                                             MEMORANDUM DECISION
                                                               AND ORDER
**United States of America,**
Defendant

---

### I.     Background

Gregory Robinson (the "Plaintiff") filed this action against the United States of America (the "Defendant") under the Federal Tort Claims, Act, 28 U.S.C. §§ 1346, 2671-2680, alleging that, on January 16, 2002, he sustained personal injuries as a result of falling on a stairway of a hospital owned and operated by the United States Department of Veteran Affairs.

On March 22, 2004, the court granted a motion by Paul Karp, the Plaintiff's attorney, to withdraw as counsel. At the same time, the court ordered Mr. Karp to notify the Plaintiff of the court's order, and requested that the Defendant wait at least sixty days before filing a motion to dismiss for lack of prosecution.

On April 8, 2004, Mr. Karp informed the court that he had sent a letter, by certified mail, to the Plaintiff, informing him that he would have to contact the court within sixty days to avoid having his case dismissed for failure to prosecute. The letter was returned to Mr. Karp with a stamp stating "attempted not known." Since that time, Plaintiff has not contacted the Defendant or the court.

In March 2005, the Defendant filed a motion to dismiss for failure to prosecute. The Plaintiff has not filed any response to this motion.

### II.    Analysis

A defendant may move to dismiss any action against it "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." FED. R. CIV. P. 41(b). Although this court recognizes that "dismissal is a harsh remedy, not to be utilized without a careful weighing of its appropriateness," *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996), it is clearly appropriate in this case.

The Second Circuit considers five factors when reviewing a district court's decision to dismiss for failure to prosecute. The factors are: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser

sanctions. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999). Generally, no single factor is dispositive. *See id*. at 194.

In applying the first factor—duration—the court must consider (1) whether the failures to prosecute were those of the plaintiff; and (2) whether the failures were of significant duration. *See Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998). In this case, both requirements have clearly been met. First, Plaintiff has repeatedly failed to participate in the prosecution of his own case. Plaintiff failed to communicate with his own attorneys regarding his own case, which led in part to their motion to be relieved. And, while acting *pro se*, Plaintiff has not maintained any contact with the court or his adversary and has not advanced his case in any way.

Moreover, these failures were certainly of a significant duration, as Plaintiff's case was filed in February 2003, and Plaintiff's original attorney withdrew approximately a year and a half ago. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) (dismissal proper under Rule 41(b) when plaintiff failed to take any action to move his case to trial during six month period); *Cole v. Edwards*, 2005 U.S. Dist. LEXIS 6408, at *6 (S.D.N.Y. 2005) (finding that a delay of more than five months in responding to Defendant's interrogatories was substantial).

With respect to the second factor, Mr. Karp sent a letter to Plaintiff's last known address warning him of the possible consequences of failing to contact the court, but the letter was returned to sender with a note indicating that the address was not correct. Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice. *See Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) ("as this Court has no current address for plaintiffs, any attempt to further warn plaintiffs of their responsibilities and the consequences of their continued failure to prosecute this action would be futile").

Regarding the third factor, it is clear that Defendants would be prejudiced by any further delay of these proceedings. Prejudice to the Defendants from unreasonable delay may be presumed. *See Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993). And even absent such a presumption, the Defendant would undoubtedly be prejudiced here. This case arises from an alleged slip and fall accident that occurred over three years ago. All relevant evidence, which likely includes witness testimony, will certainly become less reliable as time goes on and, in this case, there is certainly no end to the delay in sight.

With respect to the fourth factor, this court concludes that, after weighing this court's calendar congestion against the Plaintiff's right to a fair chance to be heard, dismissal of this case is justified. Plaintiff's former attorneys indicated in their papers supporting their motion to be relieved that Plaintiff's case is weak and stands little chance of success. This court has no idea if the Plaintiff will reappear, let alone demonstrate any willingness, or capacity, to prosecute this case *pro se*.

Finally, Plaintiff's disappearance, and the court's corresponding inability to communicate with Plaintiff in any way, renders any lesser sanctions entirely futile in motivating Plaintiff to advance this litigation. *See Dong v. United States*, 2004 U.S. Dist. LEXIS 3125, at *9 (S.D.N.Y. 2004) (finding that no remedy other than dismissal makes sense because the court has "no way to reach" the plaintiff).

For the foregoing reasons, Defendant's motion to dismiss must be granted.

### III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss for failure to prosecute is GRANTED.

    Plaintiff's complaint is hereby dismissed *with prejudice*.
    The clerk of the court is directed to CLOSE this case.

It is so ordered.

Dated: White Plains, New York
       September 8, 2005

                                      Stephen C. Robinson, U.S.D.J  9/8/05